Dear Mayor Martin:
You have requested the opinion of this office on the following issue regarding a proposed public works contract by the City of St. Martinville for sewer rehabilitation:
 In a public works bid solicitation which was advertised and scheduled for bid opening on Monday, October 2 at 6:00 p.m. an addendum was issued on Wednesday, September 27 by 4:30 p.m. by U.S. Mail and was transmitted by FAX to all bid document holders between 4:41 and 5:08 p.m. on that same day. The addendum added an incentive payment for early completion, revised the bid form and changed the contract performance time. The bid opening date was not altered. Both bidders who responded to the solicitation acknowledged receipt of the addendum. Are the addendum and the solicitation valid and may a bid award be made to the lowest responsible and responsive bidder?
As you are aware, the City of St. Martinville is governed by the provisions of the Louisiana Public Bid Law in the expenditure of public funds for purchases and for contracts for public works. La. R.S.38:2212C(2) provides in pertinent part:
 No public entity shall issue or cause to be issued any addenda modifying plans and specifications within a period of seventy-two hours prior to the advertised time for the opening of bids, excluding Saturdays, Sundays, and any other legal holidays . . . [Emphasis added.]
The facts presented in your letter indicate that the addendum wasissued at 4:30 p.m. on Wednesday, September 27 when it was placed in the U.S. Mail and that bids were duly received at 6:00 p.m. on Monday, October 2. None of the intervening days is a legal holiday as established by La. R.S. 1:55. Therefore, excluding the Saturday and Sunday which fell in the midst of this period, 72 hours of "work days" from issuance of the addendum passed at 4:30 p.m. on October 2, 90 minutes before the scheduled time for the opening of bids. This meets the statutory delay requirement for the issuance of addenda. In addition, the fact that both bidders acknowledged receipt of the addendum should resolve any doubt about fairness to interested bidders.
Use of "incentive payments" in public contracts is not prohibited by the Public Bid Law so long as such an arrangement is part of the bid solicitation, which was accomplished by the addendum discussed above. Such contract provisions have been used frequently in recent public works solicitations by state and local entities to expedite completion of public projects and minimize inconvenience to the public during construction. Inclusion of such an early completion incentive plan in the specifications by addendum was no different than any other change in the specifications made by an addendum. Such changes are explicitly anticipated by the Public Bid Law in R.S. 38:2212C.
Therefore, we see no reason why the City of St. Martinville may not award a contract which includes early completion incentive payments to the lowest responsible and responsive bidder who responded timely to your solicitation for sewer rehabilitation work. I trust that this answers your inquiry. Please let me know if we may be of any further assistance to you in this matter.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ GLENN R. DUCOTE Assistant Attorney General
RPI/GRD/dra